[No. 6,513.—Department Two.]

## SARAH LADD *v.* M. J. SAMUELS ET AL.

NEW TRIAL—CONFLICT OF EVIDENCE.—The decision of the Court in this case sustained on the ground that there was a substantial conflict in the evidence.

APPEAL from a judgment, and order denying a new trial, in the Third District Court, County of Alameda.  McKEE, J.

*Burch & Griffith*, for Appellant.

*H. A. Leake*, for Respondents.

SHARPSTEIN, J.:

On the 2nd day of November, 1874, respondent Samuels commenced an action against the appellant in the District Court of the Third Judicial District, in and for the County of Alameda, to recover $854.34, which was alleged to be due upon a promissory note, and $308.56 for goods, wares, etc., and $25 paid by plaintiff on defendant's order to one Weymouth, together with interest on these several sums.

The appellant, in her answer to the complaint in that action, admitted the making of the note, but denied on information and belief that there was more than $500 due from her to Samuels at the time of making it, and upon information and belief denied the other alleged indebtedness.  On the 3rd of May, 1875, and pending said action, respondent Samuels assigned to respondent Hall the claims and demands sued upon in said action, with a stipulation that Samuels would prosecute said action to final judgment.  On the 29th day of October, 1875, upon the stipulation of the parties in open Court, a judgment was entered in

that action in favor of the respondent Samuels, and against the appellant, for the sum of $1,000.

On the 23rd of July, 1877, the appellant commenced an action to have the execution which had been issued upon the judgment entered upon said stipulation set aside, and said judgment decreed to be satisfied and extinguished, and to have the respondents and each of them enjoined from enforcing the collection of it, and for such further and other relief as might be deemed just. The grounds upon which this relief was demanded are substantially as follows:

That the claim or account upon which said judgment was recovered had been fully settled and paid prior to the rendition of said judgment, and that the plaintiff did not know, at the time said stipulation for judgment was entered into, that said claim had been settled and paid, nor was it in her power at any previous time thereto to ascertain that fact; because the evidence of such payment and settlement was exclusively in the knowledge, possession, and control of said Samuels, " who fraudulently concealed, withheld, and suppressed the same, at and before the rendition and entry of said judgment." And that plaintiff did not obtain information of said payment and settlement until after it was too late to move for a new trial or apply to the Court for relief. She further alleged that the assignment from Samuels to Hall was collusive; and that the latter, at the date of said assignment, " had full knowledge of the fact of the satisfaction of said pretended account, and of the equities against said judgment."

The respondent Hall denied all the equities of said complaint, and upon those issues the parties proceeded to trial. Judgment was entered in favor of the defendants. A motion for a new trial was denied, and an appeal taken to this Court from said judgment and order denying a new trial.

The appellant relies upon the " insufficiency of the evidence to justify the decision of the Court," as a ground for the reversal of the judgment and order denying the motion for a new trial; and claims that " the evidence establishes that, at the time of the entering of the judgment stipulated between E. A. Aubury, attorney for the plaintiff, and A. A. Moore, attorney for the defendant, in the case of *M. Samuels* v. *Sarah Ladd*, for the sum

of $1,000, the said defendant in that action, plaintiff in this action, had fully paid and settled the indebtedness claimed, and the fact of such payment was exclusively within the knowledge of said Samuels, plaintiff in that action, and he fraudulently concealed from the plaintiff herein such fact of settlement and payment. The evidence clearly establishes that the said A. A. Moore, attorney for the plaintiff, had no authority from the plaintiff to stipulate or consent to the judgment entered against her in the case of *Samuels* v. *Ladd*, and that said stipulated judgment was without her knowledge, consent, or authority, and the account of payments, taken from Samuels's books and furnished by him, prove conclusively that she was not indebted to Samuels at the time of said stipulation and entry of judgment. The evidence establishes that the assignment made by Samuels to Hall was the assignment of a thing in action, and that same was made after the commencement of the action."

The appellant and her daughter did testify on the trial that, after the entry of the judgment in *Samuels* v. *Ladd*, Samuels had a conversation with the appellant, in which he (Samuels) stated that he did not think that appellant owed him anything, and that he would give her a receipt in full. At the request of appellant, Samuels gave an account of what appellant had paid him, and appellant's daughter "wrote out the items of payment as he gave them from his books." The daughter testified that this occurred on the 16th and 17th of March, 1877. These payments amount in the aggregate to something over $900, and purport to have been made at various times—the first on the 6th of January, 1873, and the last on the 5th of March, 1874.

If Samuels ever made any such statement, it was made nearly two years after the date of his assignment to Hall, and more than one year after Hall testifies that he informed appellant of said assignment, and was told by her that "it was all right, and that she would pay it." There were other circumstances which would justify the Court in discrediting the testimony in regard to what occurred between the appellant and Samuels at the time when it is claimed he gave her a statement of payments made by her to him, or in concluding that it was simulated. In view of all the other evidence, we do not think that we would be warranted in holding that the Court below was bound to believe

that statement, or any part of it. And if that Court had a right to discredit it, its judgment cannot be reversed on that ground. If, however, the Court had been satisfied that Samuels made those declarations, they were made long after he had assigned the judgment to Hall, and therefore could not affect him. Samuels was not called by either party.

Moore, who was the attorney of the appellant in the original action, in which judgment was entered upon stipulation of the parties, testified that he entered into that stipulation with the knowledge, consent, and authority of the appellant. The latter contradicts this, which raises a conflict of evidence, and this Court never reverses an order denying or granting a new trial where the evidence upon which it is denied or granted is conflicting.

The assignment to Hall purports to transfer to him the entire subject-matter of the action referred to in it. The assignment was in writing, and is the best evidence of what it was intended to transfer by it.

We are not satisfied that the evidence was insufficient to justify the decision of the Court below, and it follows that the judgment and order appealed from must be affirmed.

Judgment and order denying a new trial affirmed.

MYRICK, J., and THORNTON, J., concurred.